**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>LYNN C. WILLIAMS<br>        Debtor,<br><br><br>REAL TIME RESOLUTIONS, INC., AS AGENT FOR SOUTHSTAR HOLDING CORP.<br>        Movant,<br>    v.<br><br>LYNN C. WILLIAMS, and<br>KENNETH E. WEST, Chapter 13 Trustee<br>        Respondents. | Bankruptcy No. 24-12389-amc<br><br>Chapter 13 |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

      AND NOW COMES, Real Time Resolutions, Inc., as Agent for Southstar Holding Corp. (the "Movant "), by and through its undersigned counsel, Bernstein-Burkley, P.C., and files this Objection to Confirmation of the Chapter 13 Plan (the "Objection") filed August 22, 2024, stating as follows:

      1.     Respondent, Lynn C. Williams (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on July 11, 2024 (the "Petition Date").

      2.     On September 3, 2024, Real Time Resolutions, Inc., as agent for Southstar Holding Corporation, filed a Proof of Claim (the "Proof of Claim") for $18,690.39.

      3.     Kenneth E. West is the duly appointed Chapter 13 Trustee and is currently acting in such capacity.

      4.     On September 21, 2004, Debtor executed a Mortgage (the "Mortgage") for the property located at 282 Hampden Road, Upper Darby, PA 19082 ("Property"). The Mortgage was recorded in the Office of the Recorder of Deeds for Delaware County, Pennsylvania. A

true and correct copy of the Mortgage is attached as Exhibit "A."

5. The Mortgage was executed to secure a Note (the "Note") with a principal balance of $18,950.00. A true and correct copy of the Note is attached as Exhibit "B."

6. On August 26, 2024, Real Time Resolutions, Inc. ("Real Time Resolutions") executed a Corporate Assignment of Mortgage ("Assignment of Mortgage") by which Real Time Resolutions assigned the Mortgage to Southstar Holding Corporation. A true and correct copy of the Assignment of Mortgage is attached as Exhibit "C."

7. Debtor executed a Note secured by the Mortgage or deed of trust. The Note is either made payable to Movant, has been duly endorsed or Movant, directly or through an agent, has possession of the Note and, by virtue of the Assignment of Mortgage, may enforce the Note as a transferee in possession. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage or deed of trust. If the original Note is lost or destroyed, then Movant will seek to prove the Note using a lost note affidavit.

8. The total debt due to Movant at the Petition Date was $18,690.39. This amount is reflected in Movant's Proof of Claim.

9. The Mortgage has matured so the Movant no longer holds a contractual relationship with the Debtor.

10. Debtor's Chapter 13 Plan dated August 22, 2024 (the "Plan") [Dkt. No. 16] fails to provide the arrears listed in Movant's Proof of Claim.

11. The Plan fails to properly treat Movants arrears and therefore fails to comply with 11 U.S.C. § 1322.

12. Thus, Movant's Proof of Claim should govern.

WHEREFORE, Real Time Resolutions, Inc., as Agent for Southstar Holding Corp., respectfully requests that this Honorable Court deny confirmation of Debtor's Chapter 13 Plan Dated August 22, 2024.

        Respectfully submitted,

        BERNSTEIN-BURKLEY, P.C.

        By: /s/ *Keri P. Ebeck*
        Keri P. Ebeck, Esquire
        kebeck@bernsteinlaw.com
        601 Grant Street, 9th Floor
        Pittsburgh, PA 15219
        Phone - (412) 456-8112
        Fax - (412) 456-8135

Date: October 22, 2024

        *Counsel for Real Time Resolutions, Inc. as Agent for Southstar Holding Corp.*